UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TOBIAN JOHNSON
*Plaintiff*

vs

ZWICKER & ASSOCIATES, P.C.
CHRISTOPHER D. OSBORN
JOSEPH M. O'BELL
*Defendants*

Case No. 3-12CV-4506M

Judge_____

TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692, et seq., and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Tobian Johnson, a natural person, who resides in Dallas County, Texas.

4. The plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. 1692a(3), FCRA, 15 U.S.C. § 1681a(c), Texas Business and Commerce Code § 17.50(a)(1) and Texas Finance Code § 392.001(1).

5. Defendant ZWICKER & ASSOCIATES, P.C. (hereinafter ZWICKER) is a debt collection law firm with offices at 321 N. Main Street Taylor, TX 76574.

6. ZWICKER & ASSOCIATES, P.C. is a law firm who at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

7. ZWICKER & ASSOCIATES, P.C. uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. Christopher D. Osborn (hereinafter Osborn) is an attorney employed by ZWICKER & ASSOCIATES, P.C. located at 321 N. Main Street Taylor, TX 76574 is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2) who at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Osborn uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant Joseph M. O'Bell (hereinafter O'Bell) is an attorney employed by ZWICKER & ASSOCIATES, P.C. located at 321 N. Main Street Taylor, TX 76574 is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2) who at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

11. O'Bell uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## VENUE

12. The occurrences which give rise to this action occurred in Dallas County, Texas and Plaintiff resides in Dallas County, Texas.

13. Venue is proper in the Northern District of Texas, Dallas Division.

## GENERAL ALLEGATIONS

14. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than the Defendants.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants.

16. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17. On or about December 19, 2012, Plaintiff was served with a summons for a lawsuit signed by Osborn representing Zwicker who was allegedly representing American Express Bank

FSB in the County Court at law No. 1 of Dallas County, Texas case# 11-07906-A. The suit was an attempt to collect for an alleged debt in the amount of $3,415.65 said to be owed to American Express Bank FSB.

18. Plaintiff answered the lawsuit and denied all allegations.

19. On or about May 30, 2012 Defendant O'Bell representing Zwicker filed a Motion for Summary Judgment. Plaintiff answered with his Memorandum in Opposition to Summary Judgment along with an affidavit within a timely manner.

20. On June 19, 2012 Plaintiff filed a Motion to strike American Express Bank FSB's Affidavit along with a Motion to Challenge Zwicker's Authority to Represent American Express Bank FSB under TRCP Rule 12. The court set a hearing for the Motion to Strike Affidavit and Motion to Challenge Zwicker's Authority to Represent American Express bank FSB on July 25, 2012.

21. On July 25, 2012, the evidence that was presented by the Defendants in an attempt to collect an alleged consumer debt was stricken from the record. Defendants O'Bell, Osborn and Zwicker did not have so much as a shred of evidence to show that they were truly representing American Express Bank FSB as they had represented to the Court. The Court gave the defendants 7 days to present evidence to show that they had Authorization to represent American Express Bank FSB.

22. On July 31, 2012 Defendants dismissed the case.

23. The actions taken by the Defendants attempting to collect an alleged debt and not having the authority to represent American Express Bank FSB is the use of a false representation or deceptive means to collect or attempt to collect the debt and is a violation of 15 U.S.C.§1692e(10), and Tex. Fin. Code § 392.304(a)8.

24. The Defendants attempting to collect an alleged debt in the amount of $3415.65 is a deceptive practice as well as a false representation of the amount of an alleged debt, and constituted an unfair and unconscionable means being employed to collect a debt alleged to be owed by the Plaintiffs and is a violation of 15 U.S.C.§ 1692e(2), § 1692f, Tex. Fin. Code § 392.303(a)2, and Tex. Fin Code § 392.304(a)8.

25. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

26. Plaintiff found after examination of his Experian consumer credit report that Defendant ZWICKER had obtained Plaintiff's Experian consumer credit report on February 2, 2011.

27. Plaintiff found after examination of his TransUnion consumer credit report that Defendant ZWICKER had obtained Plaintiff's Trans Union consumer credit report on February 3, 2011.

28. All violations alleged herein are within the statute of limitations of the applicable statutes.

29. Plaintiff denies having an account or owing any balance to AMERICAN EXPRESS BANK, FSB or ZWICKER & ASSOCIATES, P.C.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(10) BY DEFENDANTS ZWICKER & ASSOCIATES, P.C., CHRISTOPHER D. OSBORN, AND JOSEPH M. O'BELL.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

32. ZWICKER is a debt collector within the meaning of the FDCPA 15 U.S.C. §1692a(6).

33. Osborn is a debt collector within the meaning of the FDCPA §1692a(6).

34. Defendants, as debt collectors, violated 15 U.S.C. § 1692e(10) by filing a lawsuit against the Plaintiff, who is a consumer, attempting to collect an alleged debt when Defendants had no evidence to show authority to represent American Express Bank, FSB.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendants violated the FDCPA.

   b. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000 per Defendant;

   c. Awarding Plaintiff any attorney's fees and costs incurred in this action.

   d. Awarding Plaintiff any post judgment interest as may be applicable under the law.

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) and § 1692f BY DEFENDANTS ZWICKER & ASSOCIATES, P.C. AND JOSEPH M. O'BELL.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

37. ZWICKER is a debt collector within the meaning of the FDCPA 15 U.S.C. §1692a(6).

38. O'Bell is a debt collector within the meaning of the FDCPA §1692a(6).

39. Defendants, and O'Bell, acting as debt collectors, violated 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692f by attempting to obtain a summary judgment against the Plaintiff, who is a consumer, when Defendants had had no evidence to substantiate that the amount of

$3415.65 alleged to be owed was true and correct or that they did, in fact represent American Express Bank FSB..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendants violated FDCPA.

    b. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000 per Defendant;

    c. Awarding Plaintiff any attorney's fees and cost incurred in this action.

    d. Awarding Plaintiff any pre-judgment and post judgment interest as may be under the law.

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT (TDCPA) BY DEFENDANTS ZWICKER & ASSOCIATES, P.C., CHRISTOPHER D. OSBORN AND JOSEPH M. O'BELL.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendants violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a. Collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer pursuant to Tex. Fin. Code § 392.303(a)2.

b. Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding pursuant to Tex. Fin Code § 392.304(a)8

WHEREFORE, plaintiff prays for relief and judgment, as follows:

a) Adjudging the defendants violated the TDCPA

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff any attorney's fees and costs incurred in this action;

d) Awarding Plaintiff any post judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

### VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA) BY DEFENDANTS ZWICKER & ASSOCIATES, P.C., CHRISTOPHER D. OSBORN AND JOSEPH M. O'BELL

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a).

44. Defendants violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a. Adjudging that Defendants violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

b. Awarding Plaintiffs actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

    c. Awarding Plaintiffs three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

    d. Awarding Plaintiffs any attorney's fees and costs incurred in this action;

    e. Awarding Plaintiffs any post-judgment interest as may be allowed under the law;

    f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 et seq., WILLFUL NON-COMPLIANCE BY ZWICKER & ASSOCIATES, P.C.**

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

47. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

48. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

49. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

50. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

51. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ZWICKER & ASSOCIATES, P.C.

52. On February 2, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

53. At no time did Plaintiff give his consent for ZWICKER & ASSOCIATES, P.C. to acquire his consumer credit report from any credit reporting agency.

54. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, ZWICKER & ASSOCIATES, P.C. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT VI

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 et seq., WILLFUL NON-COMPLIANCE BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

57. Trans Union is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

58. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

59. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

60. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

61. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ZWICKER & ASSOCIATES, P.C.

62. At no time did Plaintiff give his consent for Defendants ZWICKER & ASSOCIATES, P.C. to acquire his consumer credit report from any credit reporting agency.

63. On February 3, 2011 Defendant ZWICKER & ASSOCIATES, P.C. obtained the Trans Union consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

64. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, ZWICKER & ASSOCIATES, P.C. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 8, 2012

Respectfully Submitted,

_/s/ Tobian Johnson_

Tobian Johnson
604 Abbott Ave
Desoto, Texas 75115

214-878-2135

JS 44 (Rev. 09/11) ORIGINAL 3-12CV-4506M
**CIVIL COVER SHEET**

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Tobian Johnson

### DEFENDANTS
Zwicker & Associates, P.C., eg al

**(b)** County of Residence of First Listed Plaintiff **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Williamson**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681p, 15 U.S.C. § 1692, et seq., and 28 U.S.C § 1331
Brief description of cause:
Violations of the FDCPA, FCRA

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,500.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____